UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:14-CV-301

| | | |
|---|---|---|
| KENNETH H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT PROTECTIVE ORDER |
| | ) | |
| AKG OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2. This action arises out of Plaintiff's employment by Defendant and the termination of such employment. Because of the nature of the factual issues involved in this case, the parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, personnel information, and employment records. Accordingly, this Court believes that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

    1.    The following definitions shall apply in this Consent Protective Order:

        a.    "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential and private information

concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term may include Information obtained by any party from a third party via subpoena, deposition, or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings.

  b. "ATTORNEYS' EYES ONLY Information" shall mean CONFIDENTIAL Information that a party, in good faith, believes is so sensitive that it should not be made available to other parties or their employees and is designated "ATTORNEYS' EYES ONLY" pursuant to the procedures set forth below. CONFIDENTIAL Information that is designated ATTORNEYS' EYES ONLY Information shall also be deemed designated CONFIDENTIAL.

  2. "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" designations shall be made as follows:

  a. Information shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

  i. In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

  ii. In the case of documents or tangible things, including the information contained therein, that are obtained by subpoena or other discovery from third parties, the documents or tangible things automatically shall be deemed CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information upon receipt, and the receiving party

shall furnish copies thereof to all parties within fifteen business days. All parties then shall have ten calendar days after receipt within which to formally designate any documents or tangible things as CONFIDENTIAL Information and/or ATTORNEYS' EYES ONLY Information. If no party designates any such document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within said ten-day period, then the CONFIDENTIAL and ATTORNEYS' EYES ONLY designation will terminate.

        iii.    In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

        iv.    In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. If designation of ATTORNEYS' EYES ONLY Information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY Information will be taken with no one present except those persons who are authorized to have access to such ATTORNEYS' EYES ONLY Information. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described below in subsections 3(a) and (b). Any party shall have thirty days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by

3

specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty-day period. Prior to such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

    b.  The parties agree to designate Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

    c.  Except as permitted by further order of the Court, or by subsequent written agreement of the parties, such designated Information shall be received by counsel of record upon the terms and conditions of this Protective Order.

  3.  The following restrictions apply to Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

    a.  <u>CONFIDENTIAL Information</u>: Disclosure of Information designated CONFIDENTIAL, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendant's in-house counsel, officers, directors, and managers; Plaintiff; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: (i) consultants or experts retained by the parties to consult or testify in the case, but only to the extent the information is necessary for the consultation work or to prepare to testify; (ii) services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustration, or other demonstrative materials to be used in the litigation; and (iii) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at

4

issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (iii), counsel must retain physical custody of the CONFIDENTIAL Information unless consent to release it is given by the party that designated it CONFIDENTIAL. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

      b.    <u>ATTORNEYS' EYES ONLY Information</u>:

      i.    Disclosure of Information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendant's in-house counsel, officers, directors, and managers; consultants or experts retained by the parties to consult or testify in the case, but only to the extent Information is necessary for the consultation work or to prepare to testify and only after the requirements of subsection 3(b)(ii) below are satisfied; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations or other demonstrative materials to be used in the litigation. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

      ii.    Before disclosing Information designated as ATTORNEYS' EYES ONLY to any expert or consultant pursuant to subsection 3(b)(i) above, the following procedures shall be employed:

      (1)    Counsel shall: (i) notify, in writing by either e-mail and overnight delivery or fax, counsel for the party designating the Information ATTORNEYS' EYES ONLY of their desire to disclose such ATTORNEYS' EYES ONLY Information; (ii)

5

obtain a written declaration, in the form attached hereto as Exhibit B, from each such expert or consultant; and (iii) provide to counsel for the designating party a copy of that declaration.

(2) If no objection to such disclosure is made by the designating party within five business days of receipt of such notification and declaration, counsel shall be free to make such disclosure to the designated expert or consultant, who shall be bound by the signed declaration.

(3) If the designating party objects to such disclosure, counsel may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY Information can be disclosed to the required expert or consultant; however, until and unless the Court orders that the ATTORNEYS' EYES ONLY Information may be disclosed to the requested expert or consultant, the Information shall not be so disclosed.

c. All Information that is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose, including but not limited to labor organizing.

d. In no case shall Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY be disclosed to any person or entity who competes directly or indirectly with Defendant or any labor organization, including its representatives and agents, that represents or is engaged in organizing Defendant's employees.

4. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party may, as soon as

reasonably practical, inform the other parties of the intended CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, and all parties shall treat such Information as CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

5. If any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

6. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information for any purpose other than the prosecution or defense of this action, including any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Order.

7. Before filing any information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with the Court, that party shall follow the provisions of Local Rule 5.4(c), including, without limitation, the requirements that the party (i) confer with the designating party before making such a filing; (ii) file a Motion to Seal under Rule 5.4(a); and (iii) afford the designating party the opportunity to file a brief containing the information described in Local Rule 5.4(b).

8. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information or ATTORNEYS' EYES ONLY Information of the substance of this Order.

9. Acceptance or receipt by any party of any Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the Information is properly so designated or not designated. If any party disagrees with the designation of any such Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the party first shall try to resolve such dispute on an informal basis through consultation with counsel. If agreement cannot be reached by counsel, then the party opposing the designation may present such dispute to the Court by motion, but all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality. Notwithstanding the designation or non-designation of any Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

10. This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

11. This Order shall not prevent any party from applying to the Court for relief herefrom, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

12. Within thirty days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a party

pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including CONFIDENTIAL Information and/or ATTORNEYS' EYES ONLY Information, used in this litigation in a secure storage area subject to the terms of this Consent Order. Within twenty-four hours of destruction, a party shall confirm such destruction in writing to the designating party. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information and ATTORNEYS' EYES ONLY Information produced hereunder shall continue to be binding after the conclusion of this action.

13. Nothing in this Order shall prevent or limit a party who has designated any Information as CONFIDENTIAL or ATTORNEYS EYES ONLY from, in writing and without Court Order, releasing such Information.

15. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

Dated this 21st day of August, 2014.

/s/ L. Patrick Auld
United States Magistrate Judge

WE CONSENT:

| | |
|---|---|
| KENNON CRAVER, PLLC | SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP |
| By: <u>Henry W. Sappenfield</u><br>Henry W. Sappenfield<br>North Carolina State Bar No. 37419<br>P.O. Box 51579<br>Durham, North Carolina 27717-1579<br>Telephone:  (919) 490-0500<br>Email:  hsappenfield@kennoncraver.com | By: <u>/s/ Zebulon D. Anderson</u><br>Zebulon D. Anderson<br>North Carolina State Bar No. 20831<br>Post Office Box 2611<br>Raleigh, North Carolina 27602-2611<br>Telephone:  (919) 821-1220<br>Facsimile:  (919) 821-6800<br>Email:  zanderson@smithlaw.com |
| Attorney for Plaintiff | Attorney for Defendant |

10

Case 1:14-cv-00301-CCE-LPA   Document 20   Filed 08/21/14   Page 10 of 14

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:14-cv-301

| | | |
|---|---|---|
| KENNETH H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DECLARATION OF _____ |
| | ) | |
| AKG OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____

_____

_____

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Kenneth H. Foster v. AKG of America, Inc.*, in the United States District Court, Middle District of North Carolina ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

2

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, _____.

_____
Signature

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:14-cv-301

| | | |
|---|---|---|
| KENNETH H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DECLARATION OF _____ |
| | ) | |
| AKG OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____

_____

5. I have attached the following information:
   A.  a current resume describing my education and employment history to date;

B. a list of all clients for whom I have performed work within the two years prior to the date of this statement and a brief description of the work performed;

C. a description of any work that my employer has performed for any party to this proceeding within the two years prior to the date of this statement; and

D. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will be reviewed.

6. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Kenneth H. Foster v. AKG of America, Inc.*, in the United States District Court, Middle District of North Carolina ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

7. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY except as allowed by Protective Order.

9. I agree to use any Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

This _____ day of August, 2014.

_____

2

Case 1:14-cv-00301-CCE-LPA   Document 20   Filed 08/21/14   Page 14 of 14